IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,354-01






EX PARTE RANDALL BOLIVAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-CRF-0501 IN THE 105TH DISTRICT COURT


FROM KLEBERG COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that although he was eligible for release to parole
when released, his parole was revoked because an official in the Warrants Section of the Texas
Department of Criminal Justice found that he was ineligible for release. Based on the record before
this Court, Applicant was eligible for release to parole in 2010.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating:
(1) whether Applicant was eligible for release to parole in 2010, as the record before the Court
indicates; (2) whether his release was authorized and a parole panel affirmatively voted that he be
released; and (3) what evidence, other than a finding that Applicant was ineligible for release, was
presented at his revocation hearing to support the revocation. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to: (1) whether Applicant
was eligible for release to parole in 2010; (2) whether his release was authorized and a parole panel
affirmatively voted that he be released; and (3) what evidence, other than a finding that Applicant
was ineligible for release, was presented at his revocation hearing to support the revocation. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: May 8, 2013

Do not publish